[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 171.]

IN RE APPLICATION OF FLETCHER.

[Cite as *In re Application of Fletcher*, 1998-Ohio-374.]

*Attorneys at law—Application for admission to the practice of law without examination not approved, when—Failure to pursue application.*

(No. 98-44—Submitted March 4, 1998—Decided June 17, 1998.)

ON REPORT by the Board Commissioners on Character and Fitness of the Supreme Court, No. 156.

_____

{¶ 1} On January 24, 1996, Charles Edward Fletcher ("applicant") filed an application for admission to the practice of law without examination. We considered and approved his application in accordance with Gov.Bar R. I(9)(F). In a letter dated October 22, 1996, the Clerk's Office notified applicant that he had been approved for admission without examination and that he would be contacted by the assignment clerk regarding his presentation to the court in accordance with Gov.Bar R. I(9)(G).

{¶ 2} On March 21, 1997, prior to applicant's presentation to the court and administration of the oath of office as an attorney, the Board of Commissioners on Character and Fitness of the Supreme Court ("board"), pursuant to Gov.Bar R. I(10)(B)(2)(e), decided to investigate a report that applicant had permanently left the state of Ohio. The board's letter to applicant at his place of employment in Cincinnati advising him of this investigation was returned to the board marked "Return to Sender—No Longer at This Address."

{¶ 3} On September 26, 1997, the board sent applicant by certified mail, directed to applicant's last known home address in Maineville, Ohio, an entry indicating that it intended to conduct a formal hearing on his application. The letter was returned "Unclaimed."

**{¶ 4}** A panel of the board held a hearing on October 10, 1997, and found that applicant was in default of an answer or appearance and had not notified the Supreme Court, the Cincinnati Bar Association, or the board of any employment or residence change. The panel recommended that applicant not be approved for admission, but that he be permitted to reapply in two years. The panel further recommended that, if he should apply then, the board would review his application and he would be required to explain his reasons for not pursuing the present application. The board accepted the findings and recommendation of the panel.

_____

*W. Breck Weigel*, for the Cincinnati Bar Association.

_____

*Per Curiam.*

**{¶ 5}** We adopt the findings and recommendation of the board. Applicant is not approved for admission to the practice of law in Ohio at this time. However, applicant may apply again after two years from the date of the order issued in this matter, at which time he shall explain, for the board's review, his failure to pursue the present application.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____